CASE 40—VACANCY, ELECTION—OCTOBER 4, 1884.

# Loran v. Webb.

APPEAL FROM JEFFERSON COMMON PLEAS COURT.

1. The clerk of the Jefferson County Court died on the twenty-fourth of July, 1881. Less than eight days intervened between that time and the following August election.

2 The county judge ordered an election to fill the vacancy, on the twenty-seventh of August following. Appellee was elected. The order was properly made, inasmuch as less than eight days elapsed from the death of the clerk till the regular election.

BARNETT & NOBLE, JACKSON & PHELPS, JNO. STITES, ALEX. P. HUMPHREY, FOR APPELLANT.

1. The " next regular election " means the next August election.

2. Where a clerk is appointed to fill a vacancy until his successor be elected, it means that he shall hold until the next August election, and.

Loran v. Webb.

if an election is not held on that day, he shall hold until his successor·
is elected at the next August election afterward. (Graham·v. Luckett,.
6 B. Mon., 146; Constitution, article 6, sections 6 and 7, chapter on.
Elections, pages 385 and 386; Covington v. McNickles, 18 B. Mon.,.
286; Constitution. article 3, sections 9 and 18, article 4, sections 7, 13,.
26 and 35, article 2, section 31, article 6, section 7; Cate v. Ross, 2:
Duv., 245; Leeman v. Hinton, *Ib.*, 38; Stevens v. Wyatt, 16 B. Mon.,.
542.)

EDWARD BADGER, JUNIUS ROCHESTER AND DUFF. REED,
FOR APPELLEE.

1. The words, next regular election, in section 7, article 6, of the Constitu--
   tion, mean the next August election, in due course for the filling of'
   the office mentioned in said article.
2. Article 6, of the chapter on Elections, of the General Statutes, is con-
   stitutional. and is a complete exercise of the power conferred. upon the
   Legislature by section 7, article 6, of the Constitution.
3. Appellant occupies the position of a stranger, having neither the·
   title to nor possession of the office, and no right to question that of'
   his adversary. (Debates, Const. Convention, pages 402, 1099, 1123;.
   Constitution, article 3, sections 15 and 18. article 4, sections 7, 26 and'
   13 article 6, section 8, article 8, sections 22 and 26; 2 Duv., 24; Cooley
   Const., section 208; Collins v. Henderson, 11 Bush, 74; 16 B. Mon.,.
   850; General Statutes. chapter 33 article 6, section 1; 5 Rawle, 75;
   2 Stewart, Ala., 231; Brightley's Leading Cases on Elections, 286; 9ı
   Penn. Stat., 513; 6 Cal. 26; 11 *Ib.*, 49; 14 *Ib.*, 180; 10 Bush, 691; 13:
   *Ib.*, 218; 8 *Ib.*, 447; 9 Dana, 573; Cooley's Const. Lim., 73, 74, 163,.
   182; Code Practice Sections 480–483; 3 Met., 211.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

W. E. Loran, the county clerk for the county of Jef-
ferson, died on the twenty-fourth of July, 1881. His
term of office would have expired in September, 1882.
In a few days after his death, the judge of the Jefferson
County Court appointed John A. Loran to fill the
vacancy until an election could be had, and until the
person chosen should qualify. An election was held, as.
ordered by the county judge, on the twenty-seventh of
August, 1881, and resulted in the election of the appel-
lee, George Webb, and Loran, the appellant, by a
proper proceeding, is questioning Webb's right to the

office, because he was not chosen to fill the vacancy at the time provided by law, viz., *at the next succeeding August election.*

The seventh section of article 6, of the State Constitution, provides that "vacancies in offices under this article shall be filled until the next regular election in such manner as the General Assembly may provide."

Article 6 has reference to executive and ministerial offices for counties and districts, and embraces the office of county court clerk. Under this provision of the Constitution, we find that the Legislature has provided the manner in which such vacancies are to be filled.

Section 4, of article 6, of chapter 33, General Statutes, provides that "no writ for the election of a county officer or Representative or Senator shall be issued, except so as to enable the sheriff to give such notice [notice of the election] at least eight days before the election."

The sixth section of the same article provides that "the next succeeding first Monday in August shall always be the day appointed by writ or proclamation for holding an election, *except as in this chapter allowed,* unless to fill a vacancy in the Court of Appeals, or in the office of circuit judge, or unless there is or will be an intervening session of the Legislature or of Congress, rendering it necessary to fill a vacancy therein before the first Monday in August."

The seventh section provides, "but when a vacancy so occurs that there is not time to give the requisite notice before the proper first Monday in August, a special election shall be ordered to take place on a day within six weeks after such first Monday."

The clerk dying on the twenty-fourth of July, 1881, there was no time between that period and the next succeeding first Monday in August to give the eight days' notice of the election, and for that reason the county judge was required to order an election to take place on a day within six weeks after such first Monday. This was done, and the election held on the twenty-seventh of August, and Webb, having been elected, was entitled to qualify.

The seventh section of article 6, of chapter 37, in providing for the election on the next succeeding first Monday in August, excepts such elections as in that chapter are otherwise allowed. The language of the section is, "*except* as in this chapter *allowed.*"

The fourth section, having required a notice of eight days to be given, the framers of the statute saw that a vacancy might occur within eight days prior to the succeeding first Monday in August, and for that reason provided by the seventh section, that when there was not time to give the requisite notice, a special election shall be ordered to take place within six weeks after such first Monday. This was one of the exceptions to the mandatory part of section 6, requiring the election to be held on the next succeeding first Monday in August. The provision of the State Constitution, found in article 6 of that instrument, authorizing vacancies in certain offices to be filled "*until the next regular election in such manner as the General Assembly may provide,*" evidently means the next regular election for such offices to be held at, or after the expiration of the term of office in which the vacancy has occurred.

The court below having so adjudged, that judgment is now affirmed.